UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                                                CIVIL CASE NO. 04-40178

v.

ONE HUNDRED FOURTEEN THOUSAND         HONORABLE PAUL V. GADOLA
THREE HUNDRED NINETY-NINE DOLLARS      U.S. DISTRICT COURT
AND SIXTY TWO CENTS IN UNITED STATES
CURRENCY ($114,399.62) FROM CHARTER ONE
BANK ACCOUNT NO. 385-1330751; ELEVEN
THOUSAND SEVENTY ONE DOLLARS AND
TWO CENTS IN UNITED STATES CURRENCY ($11,071.02)
FROM CHARTER ONE BANK ACCOUNT 387-3080115;
ELEVEN THOUSAND SEVENTY DOLLARS AND SIXTY-FOUR
CENTS IN UNITED STATES CURRENCY ($11,070.64) FROM
CHARTER ONE BANK ACCOUNT NUMBER 387-3079618;
ELEVEN THOUSAND SEVENTY DOLLARS AND TWENTY
FIVE CENTS IN UNITED STATES CURRENCY ($11,070.25)
FROM CHARTER ONE BANK ACCOUNT NUMBER 387-3078619,

                Defendants.
_____/

## ORDER DENYING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Claimant's motion for summary judgment, filed on March 21, 2005. The government filed its response on April 21, 2005. For the reasons stated below, the Court will deny Claimant's motion for summary judgment.

### I. Background

Claimant Zarifa Khalil is the wife of Kalil Khalil, a man who is currently under investigation for fraud by Plaintiff United States. As a result of the FBI investigation into his actions, the government seized all of the assets of Claimant's husband. On February 24, 2004, the assets of

Claimant's Charter One bank accounts were seized pursuant to 18 U.S.C. § 981, after the funds were traced back to the alleged fraudulent activities of Claimant's husband. Claimant alleges the bank account funds are legitimately hers from a business deal between Claimant and her husband. Specifically, Claimant alleges that on June 2, 2001, Claimant and her husband signed a marital agreement whereby Claimant exchanged her interests in a gas station and parking facility to her husband for future cash payments totaling $950,000 and other consideration. According to the terms of the agreement, Claimant did not receive any cash payments for relinquishing her interests until June 6 and June 12, 2003. At that time, Claimant's husband made payments only totaling $700,000. Because Claimant's husband failed to pay the entire $950,000, Claimant filed suit against him on June 23, 2003 to recover the balance due in the amount of $250,000. Claimant's suit to recover the remaining balance was settled in exchange for a transfer of stock from her husband to herself. The money received from the stock transfer and cash payments was deposited into various accounts at Charter One Bank, and are the funds which were later seized by the government pursuant to the criminal investigation of Claimant's husband.

Claimant alleges that she had no knowledge of her husband's actions which form the basis of the current criminal investigation. Claimant alleges that her first indication of any impropriety occurred in the summer of 2003 when she was visited at home by an FBI agent. Because she allegedly had no idea that the funds received from her husband were tainted, Claimant argues that there is no genuine issue of material fact and that, as a matter of law, she qualifies as an "innocent owner" of the seized funds pursuant to 18 U.S.C. §983. The government disagrees.

## II.    Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (citations omitted); *see Celotex,* 477 U.S. at 322-23; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.,* 53 F.3d 146, 150 (6th Cir. 1995).

**III.   Analysis**

There is no dispute that the governing statute in this case is the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified at 18 U.S.C. § 981 *et seq.* CAFRA provides an "innocent owner" affirmative defense for property that is forfeitable under CAFRA. The relevant statute provides:

(1) An innocent owner's interest in property shall not be forfeited under any civil

forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.

(2)(A) With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who--
    (i) did not know of the conduct giving rise to forfeiture; or
    (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.
. . . .

(3)(A) With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property--
    (i) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and
    (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

18 U.S.C. 983(d).

Claimant argues that there is no genuine issue of material fact and that, as a matter of law, she is an innocent owner of the seized bank account funds. In support, Claimant argues that the marital agreement which transferred Claimant's interests in the gas station and parking facility for $950,000 and other considerations was made in good faith. Claimant further argues that she had no knowledge of her husband's actions in obtaining the funds until two years later when the Claimant was questioned by the FBI during the summer of 2003.

The government, however, asserts that there is a genuine issue of material fact as to whether Claimant is an innocent owner. The government first argues that there are "badges of fraud" associated with the marital agreement. Badges of fraud are "circumstances so frequently attending fraudulent transfers that an inference of fraud arises from them." *United States v. Leggett,* 292 F.2d

423, 426 (6th Cir. 1961)). Some of these badges of fraud raised by the government include the fact that Claimant and her husband had a close relationship at the time of the marital agreement. Second, Claimant, who has no business education or experiences and who had never previously discussed business affairs with her husband, admitted in her deposition that she did not consult an attorney before entering into the marital agreement. Additionally, Claimant agreed to accept $950,000 in exchange for her interests in the gas station and parking facility without an appraisal to their true value. Also, though the marital agreement was signed on June 2, 2001, Claimant agreed to postpone payment until March 2003, almost two years later. Finally, though the marital agreement was signed and dated by both Claimant and her husband, there were no witnesses or representation for either party, nor was the agreement notarized. All of these circumstances are badges of fraud that raise the possibility that Claimant was not a bona fide participant in the marital agreement, as required to establish the innocent owner defense under 18 U.S.C. 983(d)(3)(A).

Claimant alleges that she had no idea that her husband may have been involved in fraudulent transfers of money until the summer of 2003 when the FBI agent came to speak with her. The government argues, however, that, as the spouse of Mr. Khalil, Claimant should have been aware of her husband's activities. The government also argues that even a willful blindness on the part of Claimant is not sufficient to support an innocent owner defense. The government finally notes that Claimant returned over $455,000 to her husband's family shortly after receiving the funds pursuant to the marital agreement.

Considering the facts in light most favorable to the nonmoving party, the Court agrees with the government, and finds that there are genuine issues of material fact that raise the question

whether the marital agreement was made in good faith or not and whether Claimant knew of her husband's actions. Therefore, there remains a question as to whether Claimant is an innocent owner under 18 U.S.C. 983(d). Consequently, this Court cannot rule for Claimant as a matter of law.

**IV.    Conclusion**

**ACCORDINGLY IT IS ORDERED** that Claimant's motion for summary judgment [docket entry 17] is **DENIED.**

**SO ORDERED.**

Dated :   February 7, 2006                                s/Paul V. Gadola
                                                          HONORABLE PAUL V. GADOLA
                                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   February 8, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Julie A. Beck                                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:             Gary D. Nitzkin                                    .


                                                          s/Ruth A. Brissaud
                                                          Ruth A. Brissaud, Case Manager
                                                          (810) 341-7845